IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLIFFORD TAYLOR,** | Case Number 1:16 CV 483 |
| Petitioner, | Chief Judge Solomon Oliver, Jr. |
| v. | REPORT AND RECOMMENDATION |
| **STATE OF OHIO,** | |
| Respondent. | Magistrate Judge James R. Knepp II |

## INTRODUCTION

Clifford Taylor, a *pro se* Ohio prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer (Doc. 9), Petitioner filed a reply (Doc. 10), and Respondent filed a sur-reply (Doc. 11). This cause is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings of fact, conclusions of law, and recommendations. (Doc. 4). For the reasons stated below, the undersigned recommends the Petition be denied.

## FACTS

In October 2014, the Lake County (Ohio) Prosecutor filed a Bill of Information charging Taylor with two first-degree felony charges of rape of a minor victim by force or threat of force in violation of Ohio Rev. Code § 2907.02(A)(2). *State v. Taylor*, 33 N.E.3d 123, 125 (Ohio Ct. App. 2015). Taylor, who was represented by counsel, signed a written waiver of his right to have his case presented to a grand jury, signed and executed a written guilty plea form, and pled guilty to both charges. *Id.*

Prior to sentencing, Taylor made an oral motion to withdraw his guilty plea, which the trial

1

court denied. *Id*. at 127. The trial court then sentenced Taylor to eleven years of imprisonment on each count. *Id*. at 128. The trial court ordered the sentences to be consecutively served, resulting in an aggregate sentence of twenty-two years of imprisonment. *Id*.

On appeal, Taylor, through counsel, raised the following assignments of error:

{¶ 12} "[1.] Appellant was denied effective assistance of counsel during the hearing on his motion to withdraw guilty plea."

{¶ 13} "[2.] The trial court abused its discretion when it denied Appellant's motion to withdraw his guilty plea before sentencing."

*Id*.

On June 1, 2015, the Ohio Court of Appeals found Taylor's arguments to be without merit and affirmed his conviction. *Id*. at 132. Taylor's appellate attorney filed a motion for reconsideration or in the alternative, a motion to certify a conflict. (Doc. 9–1, at 91–98). On July 31, 2015, the court of appeals denied Taylor's motion to reconsider because the motion was untimely pursuant to Ohio App. R. 26(A)(1)(a). The court also denied Taylor's alternative motion to certify a conflict because the motion was untimely under Ohio App. R. 25 and procedurally defective under Local Appellate Rule 25. (Doc. 9–1, at 105–07).

On July 14, 2015, Taylor's counsel filed a timely notice of appeal with the Supreme Court of Ohio. (Doc. 9–1, at 108–09). The Supreme Court of Ohio subsequently denied Taylor's request to accept jurisdiction. *State v. Taylor*, 42 N.E.3d 763 (Ohio 2015) (table).

Taylor then filed his federal habeas corpus petition with this Court on February 17, 2016. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); (Doc. 1, at 15). In his petition, Taylor raises the following grounds for relief:

> **GROUND ONE:** A due process claim being forced into punitive segregation as a pre-trial detainee without just cause and stripped of rights.
>
> **Facts:** Due to sensitivity of charges I was placed in protective custody from

December 2013 to December 2014. From December 2013 to June 25, 2014, I was given privileges of exercise at 2 to 3 hours per week, phone privileges, access to publications like a newspaper and I had access to library/law library material. These privileges were very limited due to safety and security under protective custody, but were given regardless of time.

**GROUND TWO:** A claim of due process violated when losing a fundamental right to exercise under confinement with undue punitive isolation as a pre-trial detainee.

**Facts:** Due to sensitivity of charges, I was placed in protective custody from December 2013 to December 2014. From December 2013 to June 25, 2014 I was given privileges of exercise at 2 to 3 hours per week. These privileges were very limited due to safety and security under protective custody, but was given regardless of time.

**GROUND THREE:** A claim of due process where a right to access court was denied due to undue punitive isolation as a pre-trial detainee.

**Facts:** Due to sensitivity of charges, I was placed in protective custody from December 2013 to December 2014. From December 2013 to June 25, 2014 I was given privileges of accessing the library/law library at least once every two weeks. This access was very limited due to safety and security under protective custody.

**GROUND FOUR:** A claim of due process when losing right to receive public publications as a pre-trial detainee that is legally available to the public.

**Facts:** Due to sensitivity of charges, I was placed in protective custody from December 2013 to December 2014. I was given privileges to occasionally watch television and read a newspaper, but this was very limited due to safety and security under protective custody but time and resources were given.

**GROUND FIVE:** A claim of ineffective assistance of counsel, a violation of my 6th Amendment.

**GROUND SIX:** Abuse of discretion because irrelevant factors are weighed when deciding to reverse a plea agreement.

(Doc. 1, at 5–23).

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court cannot grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an

3

unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id.* at 413. To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

## DISCUSSION

Taylor's first, second, third, and fourth claims do not entitle him to habeas corpus relief. Constitutional claims that merely challenge the conditions of a prisoner's confinement fall outside the "core" of a writ of habeas corpus. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also*

4

*Muhammad v. Close*, 540 U.S. 749, 750 (2004). Challenges to the conditions of a petitioner's confinement are therefore not cognizable in habeas corpus actions. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Taylor's first four claims contend that his rights as a pre-trial detainee were violated when he was placed in protective custody, resulting in restrictions to several privileges. The allegations do not challenge the length of Taylor's physical confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973). Because the claims concern challenges to the conditions of his confinement, not the length of his incarceration, Taylor is not entitled to habeas corpus relief regarding these claims. *Nelson*, 541 U.S. at 643.

Taylor is not entitled to a writ of habeas corpus regarding his fifth claim for relief because he has not established that his trial counsel rendered ineffective assistance. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*,

5

539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks and original alterations omitted).

To show prejudice in the guilty-plea context, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In addressing Taylor's ineffective assistance of counsel argument, the Ohio Court of Appeals stated:

> {¶ 14} The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." "[I]nadequate assistance does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment." *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 64 L.Ed. 2d 333 (1980).
>
> {¶ 15} "The Sixth Amendment right to counsel applies to critical stages of criminal proceedings." *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 13; *Iowa v. Tovar*, 541 U.S. 77, 80–81, 124 S. Ct. 1379, 158 L.Ed. 2d 209 (2004) ("[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process"). "[I]n addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." (Footnote omitted.) *United States v. Wade*, 388 U.S. 218, 226, 87 S. Ct. 1926, 18 L.Ed. 2d 1149 (1967).
>
> Reversal of a conviction for ineffective assistance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed. 2d 674. *Accord State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 147.
>
> {¶ 16} Taylor acknowledges that "[t]rial counsel could not have been expected to argue that [Taylor's] allegations were true," but contends that counsel "could have withdrawn from representation of Appellant the moment he was accused, and ask that new counsel, without the same conflict of interest, be assigned to argue Appellant's position." As a result, "[n]o attorney was provided that would argue Appellant's interest in his motion to withdraw his plea." Appellant's brief at 5.

Taylor's arguments implicate the Sixth Amendment in various ways.

{¶ 17} With regard to the claim that trial counsel should have withdrawn from representation upon Taylor's accusation, we find no deficiency in counsel's performance.

{¶ 18} We note that to be entitled to the appointment of substitute counsel, a defendant must establish "good cause," typically understood as encompassing the following situations: "(1) a conflict of interest; (2) a complete breakdown of communication; and (3) an irreconcilable conflict which could cause an apparent unjust result." (Citation omitted.) *State v. Burrell*, 11th Dist. Lake No. 2013–L–024, 2014-Ohio-1356, 2014 WL 1356137, ¶ 24. The decision is within the trial court's discretion. *State v. Cowans*, 87 Ohio St.3d 68, 73, 717 N.E.2d 298 (1999). *Compare State v. Calhoun*, 86 Ohio St.3d 279, 290, 714 N.E.2d 905 (1999) (observing that, despite defendant's claim that his plea was coerced by trial counsel, "the attorney may not withdraw until he or she has obtained leave of court and further taken reasonable steps to avoid foreseeable prejudice to his or her client, including giving due notice to his or her client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules").

{¶ 19} In the present case, there is no indication in the record that trial counsel was or should have been aware of the accusation that Taylor would raise at the start of the sentencing hearing. Upon learning of the accusation, the trial court appropriately addressed Taylor directly to determine its merits. Once the motion to withdraw the plea was denied, there was no basis for appointing substitute counsel and no conflict of interest impeding trial counsel from representing Taylor for purposes of sentencing, inasmuch as counsel merely urged the imposition of the jointly recommended twenty-year sentence in accord with the terms of the plea agreement.

{¶ 20} Another aspect of Taylor's argument is that he was effectively without representation for the purpose of seeking to withdraw his guilty plea. Taylor asserts that the present case falls within the class of ineffective assistance cases for which prejudice is presumed. We disagree. Although a plea withdrawal hearing has been held to be a "critical stage" of a criminal prosecution, the need for demonstrating prejudice, at least under the present circumstances, is not obviated.

{¶ 21} "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland*, 466 U.S. at 692, 104 S. Ct. 2052, 80 L.Ed. 2d 674; *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L.Ed. 2d 657 (1984) ("[t]he presumption that counsel's assistance is essential [for a fair trial] requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial"). "[T]he defendant [is spared] the need of showing probable effect upon the outcome * * * where assistance of counsel has been denied entirely or during a critical stage of the proceeding [since] * * * the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary."

7

*Mickens v. Taylor*, 535 U.S. 162, 166, 122 S. Ct. 1237, 152 L.Ed. 2d 291 (2002).

{¶ 22} "At least absent unusual circumstances, a hearing on a motion to withdraw a guilty plea is sufficiently important in a * * * criminal prosecution that the Sixth Amendment requires the presence of counsel." *United States v. Crowley*, 529 F.2d 1066, 1069 (3rd Cir. 1976). The absence of actual or constructive representation in this context, however, is subject to harmless error analysis. *Id*. at 1070 ("[i]n its most recent opinions * * *, the Supreme Court has observed that the role of counsel at various pretrial and post-trial hearings depends upon the circumstances of the case and may differ significantly from the role of counsel at trial"); *compare State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18 ("constitutional errors can be deemed nonprejudicial so long as the error is harmless beyond a reasonable doubt"). Accordingly, we require a demonstration of prejudice.

{¶ 23} Rather than arguing how he was prejudiced, Taylor relies upon a presumption of prejudice where defense counsel's representation is compromised by an actual conflict of interest. Taylor's reliance on this presumption is misplaced since trial counsel did not participate in the prosecution of the motion to withdraw guilty plea. As the United States Supreme Court has noted, "[p]rejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland* at 692, 104 S. Ct. 2052, citing *Cuyler*, 446 U.S. at 348, 100 S. Ct. 1708, 64 L.Ed. 2d 333. In the present case, trial counsel did not actively represent Taylor with respect to the motion to withdraw guilty plea and, therefore, his performance could not be adversely affected.

{¶ 24} The fact that trial counsel did not advocate for or against Taylor with respect to the motion distinguishes the present case from *State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451, 2014 WL 7004814, upon which Taylor relies. In *Strickland*, as in the present case, the defendant orally sought to withdraw a guilty plea prior to sentencing based on trial counsel's performance during plea negotiations. *Id*. at ¶ 4 and 18. In considering the motion, the trial court placed counsel under oath and questioned him "to obtain additional information about defense counsel's experience and the plea communications in order to thoroughly and expeditiously address Strickland's motion to withdraw his plea." *Id*. at ¶ 22 and 24. The court of appeals found that "calling defense counsel as a witness placed counsel in the difficult and unexpected position of having to testify against his client, rather than act as Strickland's advocate." *Id*. at ¶ 25. Thus, the court "denied Strickland the right to counsel when it called defense counsel to testify * * * without affording new counsel to Strickland to protect his interests while defense counsel testified." *Id*. at ¶ 30.

{¶ 25} Where counsel did not testify against the defendant's interests, there is authority for the proposition that the trial court may consider a motion to withdraw guilty plea without appointing substitute counsel. *State v. Jones*, 8th Dist. Cuyahoga No. 95284, 2011-Ohio-2914, 2011 WL 2434224, ¶ 23–24 ("Jones contended that he

was coerced into making the plea, and the trial court correctly recognized that his trial counsel could not be expected to argue that they had participated in doing so," but, rather, "afforded Jones the opportunity to argue his motion in the same manner in which he made it, orally and pro se"); *State v. Bunn*, 7th Dist. Mahoning No. 10 MA 10, 2011-Ohio-1344, 2011 WL 1004912, ¶ 39 ("the trial court did not abuse its discretion by denying Bunn's plea-withdrawal motions," inter alia, as Bunn was not "prejudiced when the trial court permitted Bunn to present a pro se argument in support of his second plea withdrawal motion").

{¶ 26} Finally we emphasize the uniqueness of the particular circumstances before this court. Among the federal courts, it has been recognized that the United States Supreme Court "has never specifically addressed such a claim * * *, nor has it stated how such a claim should be analyzed, i.e., as a claim that petitioner was denied his right to counsel because he was effectively unrepresented on his motion to withdraw his plea * * *, or as a claim that petitioner was denied the effective assistance of counsel because an actual conflict of interest adversely affected counsel's performance." *Hines v. Miller*, 318 F.3d 157, 163 (2d Cir. 2003). The federal courts have addressed the issue from a variety of different approaches. *Id.* at 163–164 (cases cited). Yet, "irrespective of the analysis employed, [numerous reviewing courts] have affirmed the denial of a withdrawal motion despite the failure to appoint new counsel." *Id.* at 164.

{¶ 27} The first assignment of error is without merit.

*Taylor*, 33 N.E.3d at 128–31.

A federal court may grant habeas corpus relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. As the Ohio Court of Appeals and the United States Court of Appeals for the Second Circuit have both recognized, the Supreme Court has not addressed the type of claim presented in the same factual context of this case. *Hines*, 318 F.3d at 163–64; *Taylor*, 33 N.E.3d at 128–31.

Although the factual situation of this case has not been addressed by the Supreme Court, the Court has provided instructions to the lower federal courts presented with such circumstances. In

9

*Woods v. Donald*, 135 S. Ct. 1372, 1377 (2015), the Supreme Court ruled that, "[b]ecause none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding of this Court." The Court made it explicit that in order for a state court decision to be contrary to a Supreme Court holding, the decision must actually confront the specific question presented. It cannot simply be similar. *Woods*, 135 S. Ct. at 1377; *see also Jones v. Tibbals*, No. 1:13 CV 358, 2015 WL 4249882, at *2 (N. D. Ohio July 13, 2015).

Taylor has not shown that the Ohio Court of Appeals engaged in an unreasonable application of Supreme Court precedent. Nor is the decision by the court of appeals contrary to a Supreme Court decision. *Woods* notes that state courts have wide discretion in their adjudication of prisoner claims where "the precise contours of [a] right remain unclear." *Woods*, 135 S. Ct. at 1377 (internal quotation marks omitted). In *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014), the Court held that "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error." Simply because the Ohio Court of Appeals did not extend Supreme Court precedent to this case does not make the court's decision unreasonable. *White*, 134 S. Ct. at 1706. Therefore, Taylor's ineffective assistance of counsel argument does not entitle him to habeas corpus relief. *Jones*, 2015 WL 4249882, at *2.

In his final claim for relief, Taylor argues that the trial court erred when it denied his presentence motion to withdraw his guilty plea. In addressing this issue, the Ohio Court of Appeals stated:

> {¶ 29} Criminal Rule 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea."

10

{¶ 30} A presentence motion to withdraw a plea should be granted liberally. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The Supreme Court has also recognized, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing," but, instead, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id*. at paragraph one of the syllabus.

{¶ 31} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." (Citation omitted.) *State v. Kornet*, 11th Dist. Portage No. 2013–P–0001, 2013-Ohio-3480, 2013 WL 4047190, ¶ 28; *State v. Bisson*, 11th Dist. Portage No. 2012–P–0050, 2013-Ohio-2141, 2013 WL 2308150, ¶ 23 ("since the determination of a motion to withdraw lies within the trial court's sound discretion, the scope of our appellate review is limited to an 'abuse-of-discretion' analysis").

{¶ 32} This court has often applied the four-factor test set forth in *State v. Peterseim* to determine whether a trial court has abused its discretion in denying a presentence motion to withdraw a plea. *State v. Parham*, 11th Dist. Portage No. 2011P–0017, 2012-Ohio-2833, 2012 WL 2369416, ¶ 19; *State v. Humr*, 11th Dist. Portage No. 2010–P–0004, 2010-Ohio-5057, 2010 WL 4054443, ¶ 15. Under *Peterseim*, a trial court does not abuse its discretion in denying a motion to withdraw a plea: "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph three of the syllabus.

{¶ 33} Taylor contends that, whether trial counsel was "highly competent," is doubtful in light of the fact that counsel filed no motions prior to the entry of the guilty plea and Taylor's accusations. Taylor notes that, regardless of whether trial counsel actually advised him to lie during the plea hearing, he understood counsel's advice in that way. Regarding the purported threat of incompetence, Taylor argues that if trial counsel believed there were any issues with competency, it was inappropriate to allow Taylor to plead guilty without first exploring those issues. Finally, Taylor argues that, without the appointment of substitute counsel, it was impossible for his motion to withdraw guilty plea to receive a complete and impartial hearing.

{¶ 34} We find no abuse of discretion in the trial court's denial of the motion to withdraw guilty plea. As an initial matter, Taylor's credibility was compromised by the fact that he lied to the trial court—either at the plea hearing when he affirmed the truth of the prosecutor's statement of what the evidence would show and admitted compelling the victim or at the sentencing hearing when he denied the truth of his

prior statements. Several other factors support the trial court's denial of the motion. Taylor entered his plea after a hearing fully in accord with the dictates of Criminal Rule 11. Although Taylor was clearly reluctant to admit responsibility for the rape, the only evidence of actual coercion was Taylor's self-serving testimony regarding the "threat of mental incompetence." Assuming, arguendo, that Taylor was counseled to lie, the record suggests that Taylor consented to follow this advice. Taylor did not move the court to withdraw his plea until sentencing. The day after entering the plea, Taylor wrote the trial court complaining that the police had tampered with a written statement he had produced during the investigation. Taylor did not deny the truth of his statement and did not complain about trial counsel advising him to lie during the plea hearing. Rather, Taylor felt that the police had contaminated his statement by adding a written question about the incident. Finally, Taylor's explanation of how his penis came to be in the victim's mouth is minimally convincing. In light of the thoroughness of Taylor's plea, the delay in raising the claim that he had lied, and the lack of a compelling claim of innocence, the trial court's denial of Taylor's motion was neither unreasonable nor arbitrary.

{¶ 35} The second assignment of error is without merit.

*Taylor*, 33 N.E.3d at 131–32.

To the extent the issue was raised as a violation of state law, violations of state law or state procedures are not normally cognizable in habeas corpus proceedings. *Miljkovic v. Woods*, 517 F. App'x 392, 393 (6th Cir. 2013); *Brown v. McKee*, 460 F. App'x 567, 572 (6th Cir. 2012). Further, whether the trial court abused its discretion in denying Taylor's motion to withdraw his plea is a question governed by Ohio's statutes and case law. *Xie v. Edwards*, No. 93-4385, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994). "Such state-law grounds cannot support federal habeas relief, absent a showing that the alleged error rendered the proceedings fundamentally unfair." *Id.*; *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). The record conclusively demonstrates that the instant proceedings in the trial court were fundamentally fair.

Taylor has failed to show that his plea was not voluntarily or intelligently made. With the benefit of legal counsel, Taylor signed a written plea agreement stating, "I am voluntarily pleading 'Guilty' of my own free will. I admit committing the offense . . . . No threats have been made to

me. No promises other than those which are part of this plea agreement have been made." (Doc. 9–1, at 6–8).

Taylor's counsel also signed the same document stating:

I witnessed my client sign this WRITTEN PLEA OF GUILTY; that I have reviewed this document with him; that I have reviewed all the consequences of my client changing his plea to "Guilty"; and I have, prior to these proceedings, advised my client that he does face a mandatory prison term with his "Guilty" plea.

(Doc 9–1, at 8).

At the plea hearing, Taylor further acknowledged on the record that he had reviewed the charges and guilty plea form with his trial attorney, that he understood the charges and guilty plea form, that he agreed the charges describe what he did, and averred that he wished to plead guilty to the charges. (Doc. 9–2, at 10–12). After the trial court advised Taylor of the rights he would be waiving, Taylor explicitly stated that he was voluntarily giving up his rights and that he wished to have the trial court accept his guilty plea. (Doc. 9–2, at 13–19).

The trial court satisfied the requirements of *Brady v. United States*, 397 U.S. 742, 749 (1970), and *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969), by adequately informing Taylor of the consequences of his plea. Taylor acknowledged his understanding of all the direct consequences of his plea, including the maximum possible sentence. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

Therefore, regarding his sixth claim for relief, Taylor has not shown that the decisions by Ohio's courts were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or were based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412–13.

## CONCLUSION AND RECOMMENDATION

Accordingly, the undersigned recommends that Taylor's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time *WAIVES* the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).