UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD TAYLOR, | ) | Case No.: 1:16 CV 483 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

## I. FACTUAL BACKGROUND

On February 29, 2016, Petitioner filed a Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction, after pleading guilty, to two first-degree felony charges of rape of a minor victim by force or threat of force in violation of Ohio Rev. Code § 2907.02(A)(2). (R. & R. at 1, ECF No. 12.) Petitioner argues that his Petition should be granted based on the following grounds:

> **GROUND ONE**: A due process claim being forced into punitive segregation as a pre-trial detainee without just cause and stripped of rights.
>
> **Facts**: Due to sensitivity of charges I was placed in protective custody from December 2013 to December 2014. From December 2013 to June 25, 2014, I was given privileges of exercise at 2 to 3 hours per week, phone privileges, access to publications like a newspaper and I had access to library/law library material. These privileges were very limited due to safety and security under protective custody, but were given regardless of time.
>
> **GROUND TWO**: A claim of due process violated when losing a

> fundamental right to exercise under confinement with undue punitive isolation as a pre-trial detainee.
>
> **Facts**: Due to sensitivity of charges, I was placed in protective custody from December 2013 to December 2014. From December 2013 to June 25, 2014 I was given privileges of exercise at 2 to 3 hours per week. These privileges were very limited due to safety and security under protective custody, but was given regardless of time.
>
> **GROUND THREE**: A claim of due process where a right to access court was denied due to undue punitive isolation as a pre-trial detainee.
>
> **Facts**: Due to sensitivity of charges, I was placed in protective custody from December 2013 to December 2014. From December 2013 to June 25, 2014 I was given privileges of accessing the library/law library at least once every two weeks. This access was very limited due to safety and security under protective custody.
>
> **GROUND FOUR**: A claim of due process when losing right to receive public publications as a pre-trial detainee that is legally available to the public.
>
> **Facts**: Due to sensitivity of charges, I was placed in protective custody from December 2013 to December 2014. I was given privileges to occasionally watch television and read a newspaper, but this was very limited due to safety and security under protective custody but time and resources were given.
>
> **GROUND FIVE**: A claim of ineffective assistance of counsel, a violation of my 6th Amendment.
>
> **GROUND SIX**: Abuse of discretion because irrelevant factors are weighed when deciding to reverse a plea agreement.

(R. & R. at 2-3.) On March 31, 2016, the court referred the case to Magistrate Judge James R. Knepp, II ("Judge Knepp") for preparation of a Report and Recommendation ("R. & R."). On July 5, 2016, the State of Ohio ("Respondent") filed a Return of Writ (ECF No. 9). On July 25,

2016, Petitioner filed a Traverse to Return of Writ (ECF No. 10). On August 3, 2016, Respondent filed a Reply to the Traverse (ECF No. 11).

On April 20, 2017, Judge Knepp submitted his R. & R. (ECF No. 12), recommending that the court deny the Petition because: 1) Grounds One through Four address the conditions of Petitioner's confinement rather than the fact of his conviction or the length of his sentence, and thus, are non-cognizable claims; and 2) Grounds Five and Six fail on the merits. On May 4, 2017, Petitioner filed Objections to the Report and Recommendation (ECF No. 13). On May 8, 2017, Respondent filed a Response to Petitioner's Objections (ECF No. 14). On May 18, 2017, Petitioner filed a Motion for Leave to Reply (ECF No. 15). On May 24, 2017, Respondent filed an Opposition to Petitioner's Motion for Leave to Reply (ECF No. 16). The court hereby grants Petitioner's Motion for Leave to Reply, and has considered it in reaching this decision.

In his Objections to Grounds One through Four, Petitioner cites cases premised upon 42 U.S.C. § 1983 rather than actions for habeas relief. As for Grounds Five and Six, Petitioner raises no objections in his filings. By failing to timely object to Grounds Five and Six, Petitioner has waived the right to appeal this court's Order as to those specific Grounds. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

After careful *de novo* review of the R. & R. and all other relevant documents in the record, including Petitioner's Objections and Reply, the Magistrate Judge's conclusions are fully supported by the record and controlling caselaw. Accordingly, the court adopts as its own the R. & R. (ECF No. 12) in its entirety, for the reasons stated by the Magistrate Judge.

The court hereby grants Taylor's Motion for Leave to File a Reply (ECF No. 15), denies Taylor's Petition (ECF No. 1), and enters judgment for Respondent against Petitioner. The court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2015).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 25, 2017